# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FABION D. BROWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   Case No. CIV-18-717-HE |
| P.D. TAYLOR, | ) |
| | ) |
|     Defendant. | ) |

## **ORDER**

On July 31, 2018 and again on August 20, 2018, the court advised Plaintiff that his applications for leave to proceed in forma pauperis (ifp), Docs. 2, 6, were deficient. Docs. 5, 7. The court explained that the law of the United States requires that

> [a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C.A. § 1915(a)(2). Doc. 5, at 1; *see also* Doc. 7, at 1.

The court expressly advised Plaintiff that because he had filed his action in this Court on July 25, 2018, he was required to obtain and submit a certified copy of his trust account statements (or the institutional equivalent) from the

appropriate official of each penal institution or jail at which he is or was confined from late January 2018 through late July 2018. *Id.* at 1-2.

On August 20, 2018, the court sua sponte extended Plaintiff's time to cure those deficiencies to September 19, 2018 and warned that his "failure to comply with this order will result in the recommendation to dismiss this action." Doc. 7, at 3.

On September 10, 2018, Plaintiff filed a third motion for ifp executed at "O.S.P. McAlester, OK." Doc. 8. The statement of institutional accounts was signed by an authorized prison official. *See id.* at 4. However, Plaintiff's institutional account information from the Oklahoma State Penitentiary in McAlester was not attached to this motion as is required. *See id.* ("I further certify that the above referenced amounts were calculated pursuant to the prisoner's institutional account(s) a **copy of which is attached hereto.**") To date, the court has not received Plaintiff's institutional accounts from OSP McAlester and therefore Plaintiff's motion for ifp remains deficient.

The court is also in receipt of Plaintiff's sworn affidavit. Doc. 10.[1] Plaintiff describes his attempts to respond to this court's various orders to cure the deficiencies in his ifp applications. The court recognizes Plaintiff's

---

[1] Plaintiff is advised that if he wishes to submit a request for the Court's consideration, he must submit a motion or other pleading which conforms to this Court's Local Civil Rules and the Federal Rules of Civil Procedure. A "sworn statement" is not a recognized pleading.

attempts to comply with its orders and therefore **sua sponte extends Plaintiff's time to cure and orders Plaintiff to cure these deficiencies in his ifp application by Tuesday, November 20, 2018.**[2]

**The undersigned specifically warns Plaintiff that his failure to comply with this order will result in a recommendation to dismiss this action.**

IT IS SO ORDERED this 21st day of September, 2018.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[2] As before, the court directs the Clerk of Court to send the forms necessary for compliance.